IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3086 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GASPAR A. FRANCISCO-MATEO, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Gaspar A. Francisco-Mateo, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (filing 51). Defendant pled guilty to illegal reentry by a deported alien and was sentenced in September 2006 to a term of 37 months' imprisonment, followed by 3 years of supervised release.

Normally, the court would conduct an initial review of Defendant's § 2255 motion at this time to determine whether the government must file a response.[1] Defendant, however, has appealed from three orders that were entered by the court prior to the filing of his § 2255 motion, denying Defendant's requests for transcripts and copies of court filings. Because these appeals are closely related to Defendant's § 2255 motion (in which Defendant even asserts a claim that he has been denied

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

access to court records following his sentencing), no action will be taken on the § 2255 motion until after the appeals have been concluded.

Defendant has also filed another request for a transcript (filing 56). As before, this request will be denied. Because Defendant has not shown any special need, the court will not order that a transcript be prepared, or that Defendant be provided copies of court filings, until <u>after</u> it has conducted an initial review of the claims alleged in Defendant's § 2255 motion and determined that Defendant might be entitled to some relief. *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (under 28 U.S.C. § 753(f) and Supreme Court authority, any request for a free transcript prior to the filing of a § 2255 motion is premature, and access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case) (citing *United States v. Losing*, 601 F.2d 351, 352 (8th Cir.1979) (per curiam)). As stated above, however, no initial review will be conducted so long as Defendant's appeals remain pending before the Eighth Circuit.

IT IS ORDERED that:

1. Initial review of Defendant's § 2255 motion (filing 51) shall be held in abeyance pending disposition by the United States Court of Appeals for the Eighth Circuit of Defendant's notices of appeal (filings 32, 41, 46), and, if applicable, any notice of appeal filed with respect to this order.

2. Defendant's motion for a transcript (filing 56) is denied.

September 5, 2007.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge