IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3086 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GASPAR A. FRANCISCO-MATEO, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Gaspar A. Francisco-Mateo, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (filing 51, as supplemented by filings 53, 54, 55, 57, and 59). Defendant pleaded guilty to illegal reentry by a deported alien and was sentenced in September 2006 to a term of 37 months' imprisonment, followed by 3 years of supervised release.

The matter is now before the court for initial review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it.[1] If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

---

[1] Initial review of Defendant's § 2255 motion was delayed because of previously filed appeals. *See* Memorandum and Order entered on September 5, 2007 (filing 58). Those appeals are now concluded. *See* Eighth Circuit's mandate issued on December 11, 2007 (filing 61).

Four grounds for relief are alleged in the § 2255 motion:

1. Defendant claims that he was denied effective assistance of counsel because his attorney:
   a. failed to advise him of his appeal rights or file a notice of appeal;
   b. did not object to the presentence report;
   c. did not object to the imposition of a term of supervised release;
   d. did not argue for a sentence outside the Sentencing Guidelines or request a downward departure; and
   e. refused to release records.

2. Defendant claims that imposition of a term of supervised release was not authorized by statute and was imposed in violation of the Fifth Amendment's Due Process Clause, the Sixth Amendment, the Bill of Attainder Clause, and the Separation of Powers Clause.

3. Defendant claims that supervised release, in general, violates the Fifth Amendment's Double Jeopardy Clause.

4. Defendant claims that the court denied him access to records following his conviction, and that his attorney failed to provide assistance in this regard.

### *Ineffective Assistance of Counsel*

Defendant first claims that he was denied effective assistance of counsel because his attorney did not advise Defendant of his appeal rights and did not file a notice of appeal. Defendant sets forth no facts regarding this claim.[2] Of particular

---

[2] Defendant merely alleges: "My attorney did not advice [sic] me on my appeal rights. He did not submit a Notice of Appeal." (Filing 51 at 4, ¶ A.)

importance, there is no allegation that Defendant ever requested his attorney to file an appeal, which would require an evidentiary hearing. *See Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (attorney's failure to file a notice of appeal after being requested to do so amounts to per se ineffective assistance and prejudice is presumed; when such an allegation is made, a hearing must be held unless the record affirmatively refutes the factual assertions upon which the claim is based). Because Defendant does not allege that he asked his attorney to file an appeal, the pertinent inquiry is whether Defendant's attorney was obligated to consult with him about an appeal, and, if so, whether Defendant's attorney satisfied that obligation. I conclude that Defendant's failure to allege any facts giving rise to a duty on the part of his attorney to consult with him about an appeal defeats this claim and eliminates any need for a response by the government or for a hearing on the claim.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000), the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." In making this determination, courts must consider the totality of the circumstances and take into account all the information counsel knew or should have known. *See id.* "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.*

In this case, of course, Defendant entered a guilty plea. In his plea agreement, which was accepted by the court, Defendant "waive[d] his right to appeal to the

Eighth Circuit Court of Appeals, any aspect of this case or the deportation/removal matter." [3] (Filing 14, ¶ 3d.) Defendant received the sentence that was contemplated by the plea agreement. At sentencing the court also provided Defendant with a written notice of his right to appeal (in English and Spanish), which was signed by Defendant and his attorney. (Filing 23.)

A § 2255 motion can be dismissed without an evidentiary hearing if (1) the defendant's allegations, accepted as true, would not entitle the defendant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. *See Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). Defendant's conclusory allegations do not entitle him to any relief on the appeal aspect of his ineffective assistance of counsel claim.

Defendant also alleges that his attorney "did not argue the imposition of Supervised Release[,] [f]ailed to ask the courts for an alternative sentence pursuant to Booker instead of the sentencing guidelines[,] [and] [f]ailed to submit arguments in support of a downward departure." (Filing 51 at 4-5, ¶ A.) These are matters that again were addressed in Defendant's plea agreement. That agreement provides, in relevant part:

> 3. The United States Attorney's Office for the District of Nebraska agrees, under the following circumstances, to make a non-binding recommendation that a 2-level downward departure be granted at time of sentencing:
> > a. The defendant will make no 'blanket' objections to the criminal history portion of the presentence investigation report. Good faith objections, supported by specific allegations explaining why the particular criminal history entry is incorrect, will not invalidate this plea agreement;

---

[3] If Defendant had requested his attorney to file an appeal and his attorney failed to do so, Defendant would be entitled to resentencing despite this express waiver of the right to appeal. *See Watson*, 493 F.3d at 964.

4

>    b. The defendant will not seek downward departure from the sentencing guideline range computed pursuant to the United States Sentencing Guidelines for any reason;
>
>    c. The defendant will waive a deportation/removal hearing at or prior to sentencing;
>
>    d. By his signature on this document and the entry of the guilty plea in this case, the defendant waives his right to appeal to the Eighth Circuit Court of Appeals, any aspect of this case or the deportation/removal matter.
>
> 4. The defendant acknowledges that the sentencing enhancement provision of Title 8, United States Code, Section 1326(b)(2), applies in this case because he was convicted of an aggravated felony before his deportation. It is understood that the maximum penalty that could be imposed for Count I is imprisonment for not more than 20 years, a fine of not more than $250,000.00, or both such fine and imprisonment. If a term of imprisonment is imposed, the Court may also sentence the defendant to a term of up to 3 years supervised release. If the defendant violates the conditions of his supervised release, the Court may sentence him to an additional term of imprisonment. The sentence will be determined by the Court, but may be as much as a two-year term of imprisonment, without credit for any time defendant previously served on supervised release.
>
> 5. Defendant admits that he is or may be subject to deportation proceedings. Pursuant to 18 U.S.C. §3583(d), the Court may, in its discretion, impose as a condition of supervised release that if defendant is deported he shall not unlawfully reenter the United States during his term of supervised release. The Court is not obligated to include such a provision as a term of supervised release, but the defendant is notified here that the Court, in its sole discretion, may choose to do so. Possible penalties for defendant's violation of such a condition of supervised release might include his incarceration pursuant to 18 U.S.C. §3583(e)(3) and prosecution for illegal reentry after deportation.

(Filing 14 at 1-2.)

To the extent Defendant is claiming that the court sentenced him applying mandatory Sentencing Guidelines, this is incorrect. He was sentenced after the

5

Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the court treated the Sentencing Guidelines as advisory only. (*See* Tentative Findings of Fact (filing 21) at 1.) Pursuant to the government's recommendation, the court also granted a 2-level departure below the advisory guideline range because of the plea agreement. There simply is no basis for Defendant's claim that his attorney did not provide effective assistance regarding these sentencing matters.

With regard to supervised release, as explained in the plea agreement, this is a matter within the court's discretion. Defendant has not alleged any facts showing that the court abused its discretion by sentencing him to 3 years of supervised release or by setting any conditions for the supervised release. Consequently, he cannot claim to have been prejudiced by any failure of his attorney to make a fact-based argument against supervised release. To establish a claim of ineffective assistance of counsel, Defendant must demonstrate both deficient performance and prejudice. *See United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

Finally, Defendant complains that "continued requests to [his] attorney have gone unanswered" and that his attorney "[h]as refused to release records." (Filing 51 at 4-5.) Attachments to the § 2255 motion establish that these requests and refusals all relate to Defendant's fourth claim, which concerns Defendant's inability to obtain a sentencing hearing transcript or copies of existing court records before filing his § 2255 motion. Insofar as Defendant also claims that his constitutional rights were violated when his attorney during June 2007 allegedly failed or refused to release records or assist in obtaining records from the court, the claim is plainly without merit. "The Sixth Amendment right to counsel does not extend to persons seeking post conviction relief." *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970).

### *Supervised Release*

For his second and third claims, Defendant contends that it was unlawful for the court to sentence him to a term of supervised release. These claims appear to be

procedurally defaulted by Defendant's failure to appeal,[4] but they can also easily be disposed of on the merits.

Defendant contends that under the applicable sentencing statute, 8 U.S.C. § 1326(b)(2), he could only be "fined ..., imprisoned not more than 20 years, or both" for illegal reentry after being deported for commission of an aggravated felony. 8 U.S.C. § 1326(b)(2). However, express statutory authority for the court to impose a term of supervised release as part of Defendant's sentence is contained in 18 U.S.C. § 3583(a), which provides:

> The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561(b).

Defendant argues that imposition of a term of supervised release is only authorized under section 3583(a) "if such a term is required by statute." This is a blatant misreading of the statute, which clearly grants discretionary authority to the courts to include a term of supervised release in any sentence where a term of imprisonment is imposed for a felony or misdemeanor conviction. Defendant was convicted of a Class C felony.

Defendant also claims that a sentencing court's imposition of a term of supervised release is unconstitutional. Three arguments are advanced in this regard. First, Defendant contends that *Booker* has rendered the supervised release statute

---

[4] In the Eighth Circuit, a defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver. *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003).

7

unconstitutional. The Eighth Circuit has held otherwise, however. *See United States v. Coleman*, 404 F.3d 1103, 1104 (8th Cir. 2005) (per curiam) (stating that "[a]mong the remaining provisions of the Sentencing Reform Act that the Court [in *Booker*] recognized as constitutionally valid was the supervised release statute, 18 U.S.C. § 3583."). Second, Defendant alleges that "[t]he restraints of liberties are imposed in violation of the prohibited Bill of Attainder/Separation of Powers Doctrine [and] . . . 5th Amendment rights are violated by the imposition of punishment without due process i.e., indictment, bail, jury trial." (Filing 51 at 5.) There is no merit to the due process claim because supervised release was imposed simply as part of the penalty for the offense of which Defendant stands convicted. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000). Similarly, there is no legitimate basis for claiming that the supervised release statute is a bill of attainder, which the Supreme Court has defined as " a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Administrator of General Services*, 433 U.S. 425, 468-69 (1977). Defendant's invocation of the separation of powers doctrine does not legitimize this claim. As discussed above, Defendant's term of supervised release was expressly authorized by statute and was imposed at the court's discretion as part of his sentence. Third, and finally, Defendant reiterates his argument that supervised release is not authorized by 8 U.S.C. § 1326(b)(2), and he asserts a claim of double jeopardy.[5] This argument is frivolous, for the reasons previously stated.

### *Access to Court Records*

Before filing his § 2255 motion, Defendant made three requests for transcripts and copies of court filings. After each request was denied, Defendant filed an appeal to the Eighth Circuit. Those appeals were unsuccessful. While the appeals were

---

[5] The Double Jeopardy Clause protects against multiple punishments for the same offense and prevents imposition of greater punishment than authorized by Congress. *United States v. Beltz*, 385 F.3d 1158, 1161 (8th Cir. 2004).

pending, and after the § 2255 motion was filed, Defendant submitted another request for a transcript. This request was also denied, with the following explanation:

> Because Defendant has not shown any special need, the court will not order that a transcript be prepared, or that Defendant be provided copies of court filings, until <u>after</u> it has conducted an initial review of the claims alleged in Defendant's § 2255 motion and determined that Defendant might be entitled to some relief. *See Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995) (under 28 U.S.C. § 753(f) and Supreme Court authority, any request for a free transcript prior to the filing of a § 2255 motion is premature, and access to materials such as a transcript is not constitutionally required until after judicial certification that access is required to decide issues presented in a pending, non-frivolous case) (citing *United States v. Losing*, 601 F.2d 351, 352 (8th Cir.1979) (per curiam)).

(Memorandum and Order entered September 5, 2007 (filing 58) at 2.)

Defendant's fourth claim does not allege a constitutional violation by the court. As discussed above in connection with Defendant's first claim, there also was no constitutional violation by reason of defense counsel's alleged failure or refusal to provide records to Defendant following his conviction and sentencing or to assist him in obtaining records from the court.

IT IS ORDERED that Defendant's § 2255 motion (filing 51, as supplemented by filings 53, 54, 55, 57, and 59) is denied in all respects, and a final judgment of dismissal shall be entered by separate document.

February 12, 2008.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge